**David T. BISHOP, Plaintiff,**

v.

**COMMODITY EXCHANGE, INC., et al., Defendants.**

**No. 82 Civ. 0312(MEL).**

United States District Court, S.D. New York.

March 28, 1984.

See also, D.C., 562 F.Supp. 516.

LASKER, District Judge.

Defendants Commodity Exchange, Inc. ("Comex") and the members of the Comex Board of Governors ("Governors") move pursuant to Rules 12(b)(6) and 9(b) of the Federal Rules of Civil Procedure to dismiss the amended complaint. The motion is denied.

In his original complaint, Bishop alleged that the Governors enacted the "liquidation only rule" ("the rule") in bad faith, in that they did so "[i]n order to derive direct financial benefits and to advance their own individual and/or corporate 'interests.'" We held that the allegation failed to state a claim:

"Should a Governor vote in favor of such a rule in the belief that the rule served the public interest, even if also in the expectation and hope that it would serve his personal interest, his behavior would not give rise to liability."

564 F.Supp. 1557, 1562 (S.D.N.Y.1983). Bishop was granted leave to amend his complaint in accordance with the principles stated in our opinion, if he could do so in good faith.

The amended complaint now states, in relevant part:

"The dominant and decisive motivation and intent of the defendants in enacting the Liquidation Only Rule and the dominant purpose and reason for the Liquidation Only Rule was to advance the defendants' individual and/or corporate self-interest and/or to derive direct personal gain, rather than to advance the public interest, all of which was in bad faith. By engaging in the aforementioned bad faith acts, the defendants acted inconsistent with, contrary to and in violation of their duty and responsibility to advance the public interest and to act with the utmost objectivity, impartiality, honesty and good faith." [1]

The allegations state a claim for relief under the principles set forth in the earlier opinion. Contrary to defendants' arguments, that decision did not hold that to state a claim the plaintiff must allege that a Governor completely excluded any consideration of the public interest from his thought-processes in deciding whether to vote for a particular rule.[2] The deficiency of the original complaint was that it alleged only that the Governors had enacted the rule in order to advance their own interests, an allegation which left open the possibility that the furtherance of their own interests was merely incidental to their attempt to advance the public interest. The amended complaint, on the other hand, clearly alleges that the Governors' advancement of their own interests was the dominant, not merely the incidental, motivation for their actions. Such an allegation adequately states a cause of action.

Defendants also reassert the argument that the complaint should be dismissed because the Governors are entitled to qualified immunity for their actions in establishing emergency rules. This argument was rejected in the earlier decision,[3] and it is again rejected for the reasons stated in that decision.

Defendants also contend that the complaint's allegations of wrongdoing by the Governors, Amended Complaint ¶ 33, fail to comply with the particularity requirements of Rule 9(b). In our earlier decision we held that plaintiffs were not required to plead detailed evidentiary matters, as long as their allegations stated a proper cause of action.[4] The allegations of the amended complaint are more precise than those of the original complaint, and hence there is no basis for defendants' reassertion of their Rule 9(b) argument.[5]

Defendants correctly point out that in our previous decision we deemed plaintiff to have withdrawn his claim that defendants breached a fiduciary duty to plaintiff.[6] Although the claim is reasserted in the amended complaint, plaintiff again has failed to respond to defendants' argument that no fiduciary duty was owed to plain-

---

1. Amended Complaint, ¶ 33.

2. The defendants rely upon the statement in the opinion that "if an exchange enacted a rule for the *sole* purpose of advancing the private interests of its members, and if the rule damaged the plaintiff, it would not be a defense for the exchange to allege that the rule was reasonable." 564 F.Supp. at 1562. However, although this statement describes a *sufficient* condition for imposing liability on an exchange, it was not intended to set forth a *necessary* condition for such liability.

3. 564 F.Supp. at 1565.

4. 564 F.Supp. 1563 at n. 6.

5. Moreover, defendants' argument that plaintiff's deposition testimony supports dismissal of defendant Herbert Coyne raises a factual issue which is not the proper subject of a motion directed to the pleadings.

6. 564 F.Supp. 1559 at n. 1.

tiff. Accordingly we again note that we deem the claim to have been withdrawn.

The motion to dismiss the amended complaint is denied.

It is so ordered.